# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2023

Lyle W. Cayce
Clerk

No. 22-60174
Summary Calendar

_____

Ivan Lebedev,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 243 381

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Ivan Lebedev, a native and citizen of Russia, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the immigration judge's (IJ's) denial of his application for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

On review of an order of the BIA, this court examines "the BIA's decision and only consider[s] the IJ's decision to the extent that it influenced the BIA." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Because the BIA agreed with the IJ's analysis and conclusions, we review both decisions. *See id.*

This court reviews the BIA's factual findings for substantial evidence, and it will not reverse such findings unless the petitioner shows that "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009). Among the findings that this court reviews for substantial evidence are the factual conclusions that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Lebedev first argues that the BIA erred in finding that he failed to show past persecution based on his religious beliefs. He points to his testimony about being ridiculed and physically abused by his classmates in Russia because he was Baptist.

This court has previously held that substantial evidence supported a finding of no past persecution where the mistreatment described consisted of "mere denigration, harassment, and threats." *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). As such, the BIA reasonably found that Lebedev had failed to demonstrate past persecution. *See Wang*, 569 F.3d at 537.

Lebedev also argues that the BIA erred in adopting the IJ's determination that his subjective fear of persecution, which was confirmed by the IJ's credibility finding, was not objectively reasonable. *See Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005). Citing *INS v. Cardoza-Fonseca*,

No. 22-60174

480 U.S. 421, 431 (1987), Lebedev argues that even a 10% chance of persecution in Russia is sufficient to establish the reasonableness of his fear.

In this court's post *Cardoza-Fonseca* decisions, however, we have "applied a reasonable person standard when making well-founded fear of persecution determinations." *Mikhael v. INS*, 115 F.3d 299, 305 & nn.6-7 (5th Cir. 1997); *see also Qorane v. Barr*, 919 F.3d 904, 910 n.2 (5th Cir. 2019) (reading *Cardoza-Fonseca* as stating simply that the requisite "reasonable possibility" of harm need not be "more likely than not"). In Lebedev's case, the BIA reasonably concluded that Lebedev failed to show a "reasonable possibility" that he would suffer persecution in Russia based on his Baptist faith. *See Qorane*, 919 F.3d at 910 n.2.

Lebedev's remaining arguments on the issue of his well-founded fear of future persecution are essentially a disagreement with how the BIA weighed the IJ's factual findings.[1] "The BIA may not overturn an IJ's factual findings simply because the Board would have weighed the evidence differently or decided the facts differently had it been the factfinder." *Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 234 (5th Cir. 2009) (internal quotation marks and citation omitted).

The BIA's determination that Lebedev is not eligible for asylum or withholding of removal because he did not establish past persecution or a well-founded fear of future persecution in Russia is supported by substantial

---

[1] Lebedev also claims that the IJ violated his due process rights and substantially prejudiced his case by failing to make factual findings related to the prevalence of "dedovshchina" or hazing in the Russian military. Though the IJ did not specifically reference the term dedovshchina, the IJ acknowledged the existence of hazing in the Russian military, and it is clear from the IJ's decision that he considered the relevant documentary evidence regarding the practice. Because the IJ's decision reflects a "meaningful consideration" of Lebedev's claims of hazing in the military, Lebedev's due process argument is without merit. *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996).

evidence. *See Wang*, 569 F.3d at 536. Because those findings are dispositive, this court need not consider Lebedev's remaining challenge to the BIA's nexus analysis. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Finally, Lebedev argues that this court should take into account the international condemnation of the Russian Army's actions in its current war in Ukraine and its actions in eastern Ukraine since 2014, contending that his refusal to join such an army constitutes an exception to the general rule that military conscription cannot serve as the basis for an asylum claim. To the extent Lebedev seeks consideration of events occurring before the current, ongoing war, he did not exhaust his contention, and this court lacks jurisdiction to consider it. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-60 (5th Cir. 2022). To the extent he relies on events during the current war, the proper vehicle for his argument is a motion for the BIA to reopen his proceedings. *Faddoul v. INS,* 37 F.3d 185, 190 (5th Cir. 1994).

The petition for review is DENIED in part and DISMISSED in part.